# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROGERS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WARDEN A K SCRIBNER, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO. 1:05-cv-00569-AWI-WMW PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>(RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Robert Rogers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at California State Prison-Corcoran ("CSP-Corcoran") at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff names the following individuals as defendants: (1) A. K. Scribner, warden; (2) D. G. Stockman, associate warden; (3) V. Yamamoto, associate warden; (4) R. R. Lowden, captain; (5) D. D. Ortiz, captain; (6) D. Bravo, correctional counselor-II; (7) J. Denny, correctional lieutenant; (8) R. L. Miller, correctional lieutenant; (9) A. A. Walker, correctional lieutenant; (10) W. E. Villareal, correctional lieutenant; (11) R. Vella, correctional lieutenant; (12) Nate Dill, Jr., facility captain, (13) S. Sherman, correctional captain, (14) J. Montgomery, correctional sergeant; and (15) Michael Alvarez, correctional officer.

///

For the reasons set forth below, Plaintiff will be given the opportunity to amend his complaint, or proceed only on the claims found cognizable in this order.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Background

Plaintiff complains about his placement in Administrative Segregation ("Ad-Seg" at CSP-Corcoran for a term of 835 days. Plaintiff alleges that he has a protected liberty interest in not being given an 835 day Ad-Seg term because the conditions in Ad-Seg posed an atypical and significant hardship compared to the conditions in the general population. Plaintiff also alleges that placement in Ad-Seg constituted cruel and unusual punishment because he was denied adequate medical care, clothing, and heat while in Ad-Seg.

2

Plaintiff was initially placed in Ad-Seg in February 2002 for being suspected of trafficking marijuana in the prison. Plaintiff complains that the Ad-Seg placement notice was inadequate because it failed to provide sufficient information regarding confidential information from informants that was used against Plaintiff. Plaintiff was not told that confidential information was used, nor given any information regarding the reliability of the informants used. Plaintiff appeared before multiple Institutional Classification Committee ("ICC") meetings to evaluate Plaintiff's placement in Ad-Seg. Plaintiff complains that at each of the ICC meetings, he was given inadequate information regarding the evidence used to justify his Ad-Seg placement. Plaintiff makes similar complaints about the procedural deficiencies at his Rules Violation Report ("RVR") hearings.

Plaintiff was scheduled to return to the general population in August 2002. However, Plaintiff was retained in Ad-Seg due to concerns that Plaintiff posed a danger to the other inmates in the general population. Plaintiff was not informed of the evidence that this decision was based on and could not adequately challenge the placement decision.

In September 2002, Plaintiff was found guilty of the RVR accusing him of distributing marijuana in the prison. Later, a Classification Staff Representative ("CSR") reviewed Plaintiff's file and discovered the evidentiary deficiencies in the RVR decision. The RVR was re-issued and scheduled to be re-heard. Plaintiff was found guilty a second time in March 2003. In July 2003, another CSR reviewed Plaintiff's file and deferred the finding from the second disciplinary hearing because of perceived due process issues. Plaintiff was charged a third time with an RVR but the charges were eventually dropped. Plaintiff was charged three times with disciplinary violations but ultimately was not found guilty. Plaintiff returned to the general population in May 2004.

Plaintiff alleges that placement in Ad-Seg was an atypical and significant hardship. Plaintiff alleges that he is HIV-positive and has a compromised immune system. While in Ad-Seg, Plaintiff was seen by a doctor only once a month. Plaintiff alleges that he suffered from "shingles" while in Ad-Seg and was not given proper medical treatment. Plaintiff further alleges that he was deprived of adequately warm clothing and his shoes had worn down at the bottom. Plaintiff alleges that the lack of adequate clothing and exposure to the elements combined with his compromised immune system posed a significant health risk. Plaintiff also alleges that while in Ad-Seg because he was

3

frequently exposed to pepper spray used on other inmates and that the other inmates often conducted "psychological" warfare by making excessive noise that prevented Plaintiff from getting sleep and kept his body in constant stress.

**III.   Discussion**

    **A.   First, Second, and Third Claims for Relief - Fourteenth Amendment[1]**

Plaintiff claims that his rights under the Due Process Clause of the Fourteenth Amendment were violated because he was placed in administrative segregation without adequate notice. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

---

[1] The Court combines Plaintiff's First, Second, and Third Claims for relief as they all allege a violation of the Fourteenth Amendment.

1      "When prison officials limit a prisoner's right to defend himself they must have a legitimate
2  penological interest."  Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam)
3  (concluding that prisoners do not have a right to have an independent drug test performed at their
4  own expense).  The right to call witnesses may legitimately be limited by "the penological need to
5  provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may
6  result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471
7  U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971
8  F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

9      "[T]he requirements of due process are satisfied if some evidence supports the decision by
10 the prison disciplinary board . . . ."  Hill, 472 U.S. at 455; see also Touissaint v. McCarthy, 926 F.2d
11 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III
12 v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705
13 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999)
14 (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.)
15 "Some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S.
16 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there
17 is any evidence in the record that could support the conclusion reached . . . ."  Id. at 455-56
18 (emphasis added).  However, the "some evidence" standard does not apply to where a prisoner
19 alleges the rules violation report is false and retaliatory.  Hines v. Gomez, 108 F.3d 265, 268-69 (9th
20 Cir. 1997).

21     Plaintiff alleges that the Ad-Seg placement orders failed to include information that
22 confidential informants were being used and that there was no evaluation of the reliability of the
23 informants. (Compl. ¶ 90.) Plaintiff alleges that without knowing that confidential information was
24 being used to retain Plaintiff in Ad-Seg, it was impossible for him to marshal any defense. (Compl.
25 ¶ 95.) Plaintiff claims that the CDCR Department Operations Manual ("DOM") requires CDC-1030
26 forms to be provided in both Ad-Seg placement forms and RVRs.  Plaintiff contends that he has a
27 state-created liberty interest in receiving information that confidential informants are being used and
28 an evaluation of the reliability of the informants being used.  Plaintiff also contends that he has a

5

liberty interest in not being placed in administrative segregation. Plaintiff alleges that the lack of proper medical care and basic necessities, and the constant noise and stress posed an atypical and significant hardship on Plaintiff.

Plaintiff fails to adequately allege that the CDCR DOM creates a protected liberty interest in receiving information regarding the use of confidential informants. Being deprived of such information does not create the type of "atypical and significant hardship" required to constitute a protected liberty interest. Plaintiff alleges that he has a protected liberty interest in not being placed in administrative segregation. Plaintiff alleges that he was held in Ad-Seg for 835 days without proper medical care, clothing, bedding, and subjected to noise and stress that he would not have experienced in the general population. The alleged conditions are sufficient to form the basis of a cognizable due process claim.

Plaintiff alleges that he was deprived of sufficient due process to protect the alleged liberty interest. Plaintiff claims that he was retained in Ad-Seg based on an RVR that lacked evidentiary support aside from evidence was fabricated to support the Ad-Seg placement. Plaintiff alleges that Defendants did not properly provide Plaintiff with disclosure of the confidential evidence that Defendants relied on to support the RVR against Plaintiff, nor provided Plaintiff with any information regarding the reliability of the confidential informants. Further, Plaintiff alleges that the reports regarding confidential informants to support Plaintiff's RVR was fabricated by Defendants Alvarez and Montgomery. Plaintiff alleges that he was ultimately released after a CSR reviewed his file and discovered the deficiencies in Plaintiff's disciplinary hearing. Liberally construed, Plaintiff states a claim for being deprived of his liberty interest in not being retained in Ad-Seg without due process.

Plaintiff alleges that Defendant Walker ordered that Plaintiff be retained in Ad-Seg based on a finding that Plaintiff's presence endangered the safety of other inmates in the general population. Defendant Walker did not provide any information regarding the evidence that served as the basis of his finding. Plaintiff states a cognizable claim against Defendant Walker. Plaintiff alleges that Defendants Motgomery and Alvarez fabricated evidence to support the placement orders. Plaintiff states a cognizable claim against Defendants Montgomery and Alvarez. Plaintiff alleges that the

members of the ICC panel are liable for the violation of his due process rights because they placed Plaintiff in Ad-Seg without providing sufficient information to Plaintiff regarding the evidence relied upon to justify the Ad-Seg placement. As such, Plaintiff states a cognizable claim against Defendants Scribner, Stockman, Ortiz, Bravo, Yamamoto, Vella and Villareal. Plaintiff also alleges that the hearing officer at his disciplinary hearings is liable for finding him guilty of a RVR without sufficient evidence to support a guilty finding. As such, Plaintiff states a cognizable claim against Defendant Miller

Plaintiff alleges that Defendant Denny authored one of the Ad-Seg placement orders. It is not clear how Defendant Denny is liable for violating Plaintiff's due process rights. Plaintiff alleges that the Ad-Seg placement order did not have a confidential disclosure form attached, but the Due Process Clause does not require confidential disclosure forms to be attached to Ad-Seg placement orders. Plaintiff does not allege that Defendant Denny was involved in fabricating evidence, nor is it clear from Plaintiff's allegations if Defendant Denny merely authored the order, or directly caused Plaintiff to be deprived of adequate process in the hearings sentencing Plaintiff to Ad-Seg placement. As such, Plaintiff fails to state a cognizable claim against Defendant Denny. Plaintiff alleges that Defendants Sherman and Dill are liable because they conducted a review of Plaintiff's rules violation report and failed to notice the due process violations in their review. Failing to notice the constitutional violations committed by others is not sufficient to hold them liable for those constitutional violations. Plaintiff fails to state a cognizable claim against Defendants Sherman and Dill. Similarly, Plaintiff alleges Defendant Lowden is liable for reviewing Defendant Miller's findings and thus should have known a constitutional violation occurred and failed to correct it. Plaintiff fails to state a cognizable claim against Defendant Lowden.

**B.     Fourth Claim for Relief - Eighth Amendment**

Plaintiff claims his rights under the Eighth Amendment were violated because he did not receive proper medical attention and basic clothing. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth

7

Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). Prisoner officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

///

1  Plaintiff alleges that he is HIV positive and has a compromised immune system. Because
2 Plaintiff's immune system is compromised, conditions that may not be life threatening to non-HIV
3 positive inmates may pose life threatening risks to Plaintiff. Plaintiff alleges that he was deprived
4 of adequate clothing and did not receive adequate attention from medical personnel while he was in
5 Ad-Seg. Plaintiff has sufficiently alleged that he was placed at risk of significant injury..

6  However, only Defendants who acted with deliberate indifference are liable for violating the
7 Eighth Amendment. Therefore, only those Defendants who had actual knowledge of the risk to
8 Plaintiff's health are liable under the Eighth Amendment. It is not sufficient that Defendants caused
9 Plaintiff to be housed in Ad-Seg. In order to be liable, Defendants must have had actual knowledge
10 that Plaintiff's health would be at risk and housed Plaintiff in Ad-Seg, or refused to provide for
11 adequate clothing or medical care, despite that risk. From Plaintiff's allegations, it is not clear
12 whether Defendants acted with deliberate indifference. Therefore, Plaintiff's complaint does not
13 state a cognizable claim for an Eighth Amendment violation.

14  **C.    Fifth Claim for Relief - Violation of California Penal Code**

15  Plaintiff's fifth claim for relief alleges that Defendants Alvarez and Montgomery
16 "[f]alsif[ied] legal documents for the purpose of [a]dverse [a]ction." (Compl. ¶ 109.) Plaintiff cites
17 California Penal Code §§ 118.1(b) and 134, claiming Defendants Alvarez and Montgomery violated
18 state law. Plaintiff seeks to recover damages in a civil suit for Defendants' violation of a criminal
19 statute. A private right of action under a criminal statute has rarely been implied. Chrysler Corp.
20 v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was
21 at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of
22 someone.'" Id. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed the
23 penal statutes in question and there is no indication that civil enforcement of any kind is available
24 to plaintiff. Plaintiff fails to state a claim for Defendants' violation of a criminal statute. However,
25 as discussed above, Plaintiff states a claim against Defendants Alvarez and Montgomery for
26 violation of his Due Process rights. See supra Part III.A.

27 ///

28 ///

IV. **Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Walker, Miller, Montgomery, Alvarez, Scribner, Stockman, Ortiz, Bravo, Yamamoto, Vella and Villareal for violating Plaintiff's due process rights under the Fourteenth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff eleven (11) summonses and eleven (11) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true, and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *28 (U.S. May 18,

2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at *29 (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Walker, Miller, Montgomery, Alvarez, Scribner, Stockman, Ortiz, Bravo, Yamamoto, Vella and Villareal for violating Plaintiff's due process rights under the Fourteenth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 16, 2009**            **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE